UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THEODORE J. DOBSON,

     Plaintiff,

v.

MICHAEL J. ASTRUE, COMMISSIONER
OF SOCIAL SECURITY,

     Defendant.
                                                /

Case No. 07-10532

Honorable Nancy G. Edmunds

**ORDER ACCEPTING IN PART AND REJECTING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [13]**

     This matter comes before the Court on the Magistrate Judge's January 3, 2008 Report and Recommendation [13]. Being fully advised in the premises and having reviewed the record and the pleadings, including Defendant's Objections, the Court REJECTS IN PART and ACCEPTS IN PART the Magistrate Judge's Report and Recommendation, DENIES Defendant's motion for summary judgment, and REMANDS this matter to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings.

     Plaintiff's date last insured was December 31, 2000. (11/14/05 ALJ Decision at 2.) The Administrative Law Judge ("ALJ") properly acknowledged that Plaintiff had amended his application to reflect two periods of disability: (1) from July 17, 1995 through February 1998; and (2) from March 1, 2003 to the present. (11/14/05 ALJ Decision at 1; 8/26/05 Hr. Tr. at 198.) Consistent with the submitted medical evidence and the testimony of the

medical expert, the ALJ properly determined that Plaintiff's epileptic disorder satisfied the medical requirements of listing 11.02 for these two separate periods of time. (*Id.* at 5.)

The first issue presented addresses the ALJ's conclusion that Plaintiff was not entitled to disability insurance benefits because (1) beginning on March 1, 1998 through December 31, 2000, the date last insured, Plaintiff's epileptic disorder did not satisfy the medical requirements of Listings 11.02 or 11.03; and (2) this period of time was well before the March 2003 date of his application.[1] The Magistrate Judge concluded that the ALJ's finding, that Plaintiff's epileptic disorder did not satisfy the medical requirements of Listings 11.02 or 11.03 for the period beginning on March 1, 1998 and ending on December 31, 2000, was not supported by substantial evidence. In his Objections, the Commissioner argues the opposite. Having reviewed the record, this Court agrees with the Commissioner. There is substantial evidence in the record to support the ALJ's finding. It is not enough to speculate that Plaintiff might have been having more seizures than were documented in the record.

The second issue addresses the propriety of the ALJ's conclusion that, beginning on March 1, 1998 through the date last insured of December 31, 2000, Plaintiff had the residual functional capacity to perform work at any exertional level but acknowledging that Plaintiff's epilepsy disorder precluded work that required climbing ladders, ropes, and scaffolding or work at heights or involving dangerous machinery. (*Id.* at 5-7.) Specifically, the ALJ made the following findings of fact:

---

[1] The ALJ concluded that Plaintiff was not entitled to benefits for this period because his application was not submitted until March 2003, and the rules for entitlement to disability insurance benefits require submission within 12 months after an applicant's disability has ended. *See* 20 C.F.R. § 404.315(a)(3).

> Through the date last insured, [Plaintiff]'s ability to perform work at all exertional levels <u>was compromised</u> by nonexertional limitations. However, these limitations had little or no effect on the occupational base of unskilled work <u>at all exertional levels</u>. A finding of "not disabled" is therefore appropriate under SSR 85-15, which states that A person with a seizure disorder who is restricted only from being on unprotected elevations and near dangerous moving machinery is an example of someone whose environmental restriction does not have a significant effect on work that exist at all exertional levels. (Emphasis added.)

(11/14/05 Decision at 7.)

The Magistrate Judge concluded that the ALJ's finding, that Plaintiff has no exertional limitations on the date last insured, is not supported by substantial evidence in the record. (R&R at 17.) This Court ACCEPTS and ADOPTS the Magistrate Judge's Report and Recommendation on this issue. There is no evidence in the record supporting the ALJ's finding that Plaintiff was without exertional limitations for the time period from March 1, 1998 to December 31, 2000, and thus could perform work at the heavy and very heavy exertional levels. There is no evidence that Plaintiff's exertional limitations changed at any time during the period that began with the claimed onset of disability, July 17, 1995, through the date of the ALJ's decision. Lacking substantial evidence to support his findings and conclusion, the ALJ failed to meet his burden at step 5 in proving that there is work available in the economy that Plaintiff can perform. Accordingly, this Court ACCEPTS and ADOPTS the Magistrate Judge's recommendation that this matter be REMANDED to the ALJ for further proceedings and development of the record at step five, including the testimony of a vocational expert or reference to other vocational resources allowed under the Regulations. If such an analysis alters the ALJ's determination of Plaintiff's disability status, the ALJ must re-evaluate Plaintiff's disability status and recalculate the period(s) for which he may be entitled to benefits.

For the foregoing reasons, Defendant's motion for summary judgment is DENIED, and this matter is REMANDED for further proceedings.

s/NANCY G. EDMUNDS
Nancy G. Edmunds
United States District Judge

Dated: March 11, 2008